

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2008

# Tinah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tinah v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1266.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1266

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4518
_____

SALAM TINAH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-257-839)
Immigration Judge: Donald Ferlise

_____

Submitted under Third Circuit LAR 34.1(a)
on January 18, 2008


Before:  SCIRICA, Chief Judge, BARRY and ROTH, Circuit Judges

(Opinion filed: May 6, 2008)

_____

OPINION

_____

ROTH, Circuit Judge:

Salam Tinah seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) ordering Tinah removed from the United States and denying his application for withholding of removal and protection under the Convention Against Torture. Tinah now argues that the IJ failed to properly apply the law when he determined that Tinah had not shown that he was more likely than not to face persecution or torture as a result of his deportation.[1] Finding no error, we will affirm.

## I. **BACKGROUND**

Tinah argues that he was subject to persecution in the past in Indonesia, and that he would also be subject to persecution in the future if he were to return. Tinah is a native and citizen of Indonesia; he is also an ethnic Chinese and a Buddhist. In his testimony, which the IJ found to be credible, he set forth two examples of alleged persecution that he suffered because of his ethnicity and religion.

In 1978, Tinah's father was arrested after a public restroom near his place of business was set on fire. It is not clear whether he was ever charged with a crime, but in any event he was held in prison for six months. The other incident occurred in 1999 when Tinah's in-laws asked him for money. After he refused, they prevailed upon his wife to seek a divorce, which she did.

---

[1] It is unclear whether Tinah is also appealing the denial of asylum based on his failure to file for asylum within one year of arriving in the United States. In any event, we have no jurisdiction to review such an appeal, as the Attorney General has determined that his asylum application was not timely. 8 U.S.C. § 1158 (a)(3).

Tinah entered the United States on or about April 17, 2001, as a non-immigrant visitor for pleasure and was authorized to remain in the United States through October 16, 2001. On March 7, 2003, the former Immigration and Naturalization Service commenced removal proceedings against Tinah, charging that he was removable as an alien who, after admission as a non-immigrant, has remained in the United States for a time longer than permitted. On February 16, 2003, Tinah filed an application for asylum and for withholding of removal based on the danger of future persecution and torture. Tinah acknowledged at his hearing that his asylum application was not timely.

Following a hearing on the merits of Tinah's application, the IJ issued an oral decision on May 10, 2005, denying his petition. Tinah appealed the decision to the BIA. In an order issued on September 20, 2006, the BIA adopted and affirmed the IJ's decision and dismissed Tinah's appeal. Tinah then filed the instant petition for review of his application for withholding of removal with this Court.

We have exclusive jurisdiction to review final orders of removal pursuant to INA Section 242(a)(1). 8 U.S.C. § 1252(a)(1) (2005), as amended by The REAL ID Act of 2005, § 106, Pub. L. No. 109-131, Div. B, 119 Stat. Tinah's petition for review was timely filed and venue is proper because the proceedings before the IJ were concluded in Philadelphia, Pennsylvania.

Where, as here, the Board summarily affirms and adopts the IJ's decision, this Court reviews the decision of the IJ. *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003).

3

Our review of the application of legal principles to undisputed facts is de novo. *Sun Wen Chen v. U.S. Att'y Gen.*, 491 F.3d 100, 109 (3d Cir. 2007).

## II. DISCUSSION

### A. Withholding

To qualify for withholding of deportation, Tinah must show that it is more likely than not that he will suffer persecution on account of a protected ground (race, religion, nationality, membership in a particular social group, or political opinion) if he is deported. *See* 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 422 (1984). One way that he may meet this burden is by showing past persecution, which raises a rebuttable presumption of future persecution. *See* 8 C.F.R. §§ 208.16(b)(1). We have defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).

The IJ applied this standard correctly in finding that the acts narrated by Tinah in his testimony simply do not rise to the level of persecution. The arrest of a relation, apparently on suspicion of having committed a crime, does not meet the standard for persecution. Extortionate behavior by in-laws, however reprehensible, also fails to rise to the level of persecution. Accordingly, we find that Tinah has not been subjected to past acts of persecution that would give rise to a presumption of future persecution.

4

Tinah does not present any other specific evidence that he faces future persecution but argues that he faces persecution based on a general pattern of persecution against ethnic Chinese Buddhists in Indonesia. In order to establish a pattern of persecution, Tinah must show that the persecution of the group is "systemic, pervasive, or organized." *Lie v. Ashcroft*, 396 F.3d 530, 537 (3rd Cir. 2005). In addition, as with any claim of persecution, violence or other harm perpetrated against the petitioner's group does not constitute persecution unless such acts are committed by the government or forces the government is either "unable or unwilling to control." *Id*.

The evidence on the record shows that anti-Chinese and anti-Buddhist sentiments exist in Indonesia, and that at least some acts of violence were committed against Chinese Buddhists as recently as 2000. However, the State Department 2004 Country Report on Indonesia states that the Indonesian government officially promotes religious tolerance, and that anti-Chinese incidents have declined compared to recent years. Any violence that continues to take place seems to be primarily committed by fellow citizens and not as the result of governmental action or acquiescence. Accordingly, we are not compelled to find that such attacks constitute a pattern or practice of persecution against Chinese Buddhists.

**B. Convention Against Torture**

Withholding under the Convention Against Torture requires that the applicant "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." See 8 C.F.R. § 208.16(c)(2). While Tinah mentions the

5

Convention Against Torture, he does not provide any specific evidence showing that he faces torture if he returns to Indonesia. He cannot carry his burden by relying on general allegations about Indonesia. *See Lie*, 396 F.3d at 537-38. Accordingly, we find that he has failed to carry his burden under the Convention Against Torture.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, we will **deny** the petition for review.

6